# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RONNIE LUCAS,**
**Claimant Below, Petitioner**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-0517** (BOR Appeal No. 2051724)
              (Claim No. 2015033418)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ronnie Lucas, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patriot Coal Corporation, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is whether the claim was properly closed for temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on April 12, 2016. The Office of Judges affirmed the claims administrator's decision on December 6, 2016. The Board of Review affirmed the Order of the Office of Judges on May 26, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lucas, a section foreman for Patriot Coal Corporation, injured his head, neck, shoulder, and back in a rock fall at work on June 14, 2015. He was seen at Med-Express the same day and diagnosed with an occupational injury described as a concussion, contusion of head, and a cervical and lumbar sprain/strain. On June 19, 2015, the claims administrator held the claim compensable for a concussion, shoulder strain, cervical strain, thoracic strain, and lumbar strain.

1

An MRI performed on July 7, 2015, was interpreted as showing right posterolateral bulging of the C3-C4 intervertebral disc along with small marginal osteophytes resulting in mild encroachment in the lateral recess. There were also posterior left lateral findings at the C5-C6 intervertebral disc with marginal osteophytes resulting in effacement of the cervical sac and mild encroachment on the left C5-C6 lateral recess. The MRI of the thoracic spine was interpreted as showing no evidence of thoracic intervertebral disc herniation, spinal stenosis, or spinal cord compression.

On August 18, 2015, Syed A. Zahir, M.D., examined Mr. Lucas and concluded he suffered from a cervical and lumbosacral sprain with radiculitis of the upper and lower extremities and degenerative disc disease of the cervical spine. He recommended that Mr. Lucas do extensive physical therapy and use a TENS unit for pain control. He found Mr. Lucas should continue anti-inflammatory medication and be referred to a pain clinic. Brian Yee, M.D., administered cervical spine injections on September 8, 2015. On September 21, 2015, Barry Vaught, M.D., performed a nerve conduction study. The testing was interpreted as showing no electrophysiological evidence for cervical radiculopathy, median mononeuropathy, or ulnar neuropathy on either side.

On October 27, 2015, Bruce Guberman, M.D., completed an independent medical evaluation. He found that Mr. Lucas was not at maximum medical improvement. On February 23, 2016, Dr. Guberman performed another independent medical evaluation. He believed that Mr. Lucas should follow-up with at least one treating physician such as Dr. Yee or Dr. Zahir for management of his medication. He opined that Mr. Lucas would require ongoing pain management with medication for at least three to four months and further noted that he had not benefitted from prior injections. Therefore, injections were not likely to provide more than temporary improvement. Dr. Guberman also opined that Mr. Lucas had reached maximum medical improvement in regard to the subject injury and no further specific treatment and/or diagnostic testing were likely to improve his condition. The claims administrator granted Mr. Lucas a 10% permanent partial disability award on March 14, 2016.

On March 25, 2016, Dr. Zahir reported that Mr. Lucas had decreased range of motion in his cervical spine and decreased strength in the upper extremities. He stated that they were waiting for authorization of the radiofrequency ablation and that Mr. Lucas may have surgery. Dr. Zahir also reported that Mr. Lucas had radiculitis in the medial distribution area and that Mr. Lucas needed an anterior fusion and discectomy. On April 12, 2016, the claims administrator closed the claim for temporary total disability benefits.

On May 6, 2016, Dr. Guberman completed an addendum to his independent medical evaluation that agreed with the surgery recommended by Dr. Marsh. However, on June 10, 2016, an MRI interpreted by Bharat Patel, M.D., showed a small central disc protrusion at C5-C6 with compression of the anterior dural sac. There was no central canal stenosis, neural foramina stenosis, or cord compression. This caused Dr. Marsh to reevaluate since the new MRI of the cervical spine no longer showed a herniated disc. Dr. Marsh changed his mind about the medical necessity of cervical surgery but recommended further treatment by pain management, including trigger point injections, physical therapy, and work hardening on June 22, 2016.

The Office of Judges determined that Mr. Lucas was not entitled to additional temporary total disability benefits because he was at his maximum medical improvement. The Office of Judges noted that Dr. Guberman found Mr. Lucas to be at maximum medical improvement. Thereafter, Dr. Marsh suggested that Mr. Lucas would benefit from surgery. The Office of Judges found that Dr. Guberman changed his mind about Mr. Lucas being at maximum medical improvement based upon Dr. Marsh's opinion. However the Office of Judges also found that Dr. Marsh changed his opinion thereafter based upon a more recent MRI, which showed no herniation. As a result, the Office of Judges concluded that Mr. Lucas was at maximum medical improvement. The Office of Judges further supported its finding that Mr. Lucas was at maximum medical improvement because he had received a 10% permanent partial disability award in the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning of the Office of Judges as affirmed by the Board of Review. Dr. Guberman found that Mr. Lucas was at maximum medical improvement. While Dr. Guberman later changed his opinion, it was in light of Dr. Marsh's recommendation that Mr. Lucas have surgery to correct his herniated disc. However, Dr. Marsh subsequently changed his opinion after seeing the new MRI, which showed no herniation. In addition, Mr. Lucas has been determined to be at maximum medical improvement by an independent medical evaluation and has received a permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3